**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENGAGE LEARNING, INC.<br>(f/k/a THOMSON LEARNING, INC.)<br>PEARSON EDUCATION, INC.<br>JOHN WILEY & SONS, INC., AND<br>THE MCGRAW-HILL COMPANIES, INC.,<br><br>              Plaintiffs,<br><br>      -against-<br><br>BUCKEYE BOOKS,<br>USED BOOK EXCHANGE,<br>TEXTBOOKSRUS.COM, LLC, and<br>PHILIP SMYRES,<br><br>              Defendants. | 07 Civ. 8540 (CM)<br><br>ECF CASE |

## BRIEF IN SUPPORT OF DEFEDANTS' MOTION TO DISMISS

Defendants, BUCKEYE BOOKS, USED BOOK EXCHANGE, TEXTBOOKSRUS.COM, LLC and PHILIP SMYRES, respectfully move this Court to dismiss this action with prejudice for lack of personal jurisdiction.

### I. FACTUAL BACKGROUND

Defendants Buckeye Books, Used Book Exchange, Textbooksrus.com, LLC and Philip Smyres are physically located in the State of Ohio. The Defendants do not have any offices, agents, telephone listings or mailing addresses in the State of New York. Defendants do not own or rent any property in the State of New York. Defendants do not have any employees in the State of New York. Defendants do not maintain any bank accounts, licenses, or other operations in New York. Defendants do not advertise in any New York newspapers or magazines or any other New York print, radio or television media.

## II. LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a Court may dismiss a motion for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)( 2). A district court may exercise jurisdiction over a defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed. R. Civ. P. 4(k)(1)(A); *Stephan v. Babysport, LLC*, 499 F.Supp.2d 279, 284 (E.D.N.Y. 2007). The court must then address whether the exercise of jurisdiction comports with constitutional standards of due process under the Fourteenth Amendment. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 241-42 (2d Cir. 2007).

## III. ANALYSIS

The Plaintiffs have failed to establish that this Court has personal jurisdiction over the Defendants. Specifically, the Plaintiffs have not demonstrated that the Southern District of New York has personal jurisdiction over the Defendants by means of the New York statutes. Furthermore, Plaintiffs have failed to establish that the Defendants have minimum contacts with the State of New York or that the Southern District of New York has either general or specific jurisdiction over the Defendants. Thus, exercise of jurisdiction in this case is not proper and would not comport with constitutional standards of due process under the Fourteenth Amendment.

**A. The Complaint Does Not Allege a Prima Facie Case of Personal Jurisdiction Under the New York Statutes**

1. The Defendants Were Not "Doing Business" In New York State

NY CPLR §301 provides that a foreign corporation is amenable to jurisdiction if it is "doing business" in New York State. *Stephan, supra*, 499 F.Supp.2d at 285. A foreign corporation is "doing business" if it engages in "such a continuous and systematic course of doing business" sufficient to support a finding of its presence in this jurisdiction. *E.g. Frummer v. Hilton Hotels International, Inc.*, 19 NY 533, 536 (1967). A corporation is present in New York ... if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d. Cir. 1985). Factors that tend to show a presence in New York, and therefore jurisdiction, include the existence of a New York office, the presence of bank accounts in New York, ownership of property in New York, and the presence of agents or employees in New York. *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).

It is clear in this case that jurisdiction cannot be maintained over the Defendants pursuant to NY CPLR §301. Defendants do not maintain a New York office, do not have any employees in New York, and do not maintain any New York bank accounts. As a result, the Defendants are not "present" within this jurisdiction.

Furthermore, the Plaintiffs have failed to demonstrate that the Defendants have engaged in continuous or systematic business in the State of New York. In fact, the Plaintiffs have not shown the Defendants have engaged ***in any*** business in New York. Clearly, the Defendants have not done business in New York with any measure of permanence of continuity.

As a result, even construing the facts alleged in the light most favorable to the Plaintiffs, this Court cannot maintain jurisdiction over the Defendants according to Section 301.

2. The Defendants Were Not 'Transacting Business" in New York State

NY CPLR § 302(a) provides that the Court may exercise jurisdiction over any non-domicilliary who:

(1) transacts any business within the state or contracts anywhere to supply good or services in the state;

(2) commits a tortious act within the state; or

(3) commits a tortious act without the state causing injury within the state if the defendant

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and services and derives substantial revenue from intestate or international commerce.

Here, the Plaintiffs have failed to establish that the Defendants are subject to personal jurisdiction in the Southern District of New York under any of the three sections of §302(a).

First, a finding of jurisdiction under section 302(a)(1) requires a showing that the defendant "transacts any business" in New York and that the cause of action arises from such transaction. *Best Van Lines, supra*, 490 F.3d at 246-47. To determine if a defendant "transacted business," New York courts rely on the

Constitutional standard set forth by the Supreme Court. Under this standard, the Court must determine whether the "defendant's conduct constitutes purposeful availment...of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Best Van Lines*, 490 F.3d at 246-47 quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The "purposeful availment" requirement is satisfied only where the plaintiff demonstrates that the defendant's contacts with the forum state create a "substantial connection" with the forum state, and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. *Burger King Corp.*, 471 U.S. at 474-75. Even if it is determined a defendant "transacted business" in New York, it must then be established that the cause of action arose out of that transaction. To determine whether a cause of action arises out of the transaction of business, the court looks to many factors including:

> (1) whether the defendant has an ongoing contractual relationship with a New York corporation;
>
> (2) whether the contract was negotiated or executed in New York;
>
> (3) what the choice of law clause is in any such contract; and
>
> (4) whether the contract requires the defendant to send notices and payments into the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004).

Clearly, the Plaintiffs have not established either that the Defendants "transacted business" in the State of New York, or that any cause of action arose from such "transacted business." For instance, the Plaintiffs failed to show the

5

Defendants invoked any benefits or protections from New York law. Furthermore, it has not been demonstrated that Defendants have a substantial connection to New York. In fact, the lack of Defendants' contact with New York show that the Defendants would not reasonably anticipate being drawn into court in New York. As a result, the Defendants' conduct cannot be said to constitute "purposeful availment." Therefore, the Defendants have not "transacted business" in New York, even construing facts alleged in a light most favorable to the Plaintiffs.

Even if the Court finds that the Defendants "transacted business" in New York, jurisdiction remains improper in this case because no cause of action arose from such business. The Plaintiffs have alleged no cause of action that arose from any supposed business the Defendants transacted in New York. For instance, the Defendants do not meet any of the factors courts look to in determining whether a cause of action arose out of the transaction of business because the Plaintiffs have not shown that the Defendants had a contractual relationship with any New York corporation. Therefore, the Plaintiffs failed to establish there was a contract negotiated or executed in New York, a choice of law clause, or that the Defendants sent any payments or notices to New York. As a result, it cannot be found that the Defendants "transacted business" in New York, and jurisdiction over the Defendants is improper under Section 302(a)(1).

Next, jurisdiction cannot be established based on Section 302(a)(2) because the Defendants have not committed any tortious act within New York. Furthermore, even the Plaintiffs have not alleged that the Defendants committed any tortious act within New York. As established above, the Defendants do not have any offices, agents or accounts in New York. The Defendants have not

6

been physically present in New York. Therefore, jurisdiction under Section 302(a)(2) cannot be exercised over the Defendants.

Finally, the Plaintiffs have failed to establish that the Court has jurisdiction based on Section 302(a)(3). In order to exercise jurisdiction under this section, the Defendants must have committed a tortious act outside of New York that causes injury within New York. Here, the Plaintiffs have not alleged that any acts of the Defendants caused any injury within New York.

Even if injury within New York can be demonstrated, the facts remain insufficient to establish jurisdiction because the Plaintiffs have not shown the Defendants regularly conduct or solicit business, engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in New York. As a result, there is no basis for jurisdiction under Section 302(a)(3).

## B. The Complaint Does Not Establish the Defendants are Subject to General Jurisdiction

The exercise of personal jurisdiction must comport with constitutional due process. Pursuant to due process, a defendant is subject to jurisdiction within a state only if it has "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." *International Shoe Co. v. Korea*, 326 U.S, 310, 316 (1945).

The purpose of the "minimum contacts" requirement is to protect the defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty imposed by their status in the federal system. *World-Wide Volkswagen Corp. v. Woodson*,

7

444 U.S. 286, 291 - 292 (1980). The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" *Terracom v. Valley Nat1 Bank*, 49 F.3d 555, 560 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)).

A forum state may assert general jurisdiction, that is, jurisdiction irrespective of whether the claim arises from or relates to the defendant's forum contacts, only where the contacts are continuous and systematic. Thus, if there are no minimum contacts between the defendant and the forum state, there is no basis for general jurisdiction.

Here, the Plaintiffs have not made a prima facie showing that establishes the existence of general jurisdiction. For instance, it has not been established that the Defendants do meet the minimum contacts required for general jurisdiction in New York. In fact, the Plaintiffs have not shown that the Defendants have **any** contacts with the State of New York. Clearly, it cannot be established that the Defendants have continuous or systematic contacts with New York or that Defendants' conduct constitutes personal availment. As a result, there is no basis for the existence of general jurisdiction over the Defendants in this case.

## C. The Complaint Does Not Allege a Prima Facie Case of Specific Jurisdiction.

Specific jurisdiction is satisfied only if the defendant has *purposefully directed* its activities at residents of the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984) (emphasis added). Additionally, the litigation must

8

result from injuries that "arise out of or relate to" those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

A court may assert either general or specific jurisdiction over a defendant. It is unclear whether Plaintiff has alleged specific as well as general jurisdiction. However, in this case, specific jurisdiction cannot be exercised over the Defendants because the Plaintiffs' have failed to show that the Defendants purposefully directed its activities at residents of New York. The Defendants do not maintain offices or stores in New York, nor do they advertise in New York. The Plaintiffs have not illustrated a single instance in which the Defendants directed any of its activities to New York residents, whether purposeful or not. Furthermore, the Plaintiffs have not shown that Defendants conducted activities in New York, or that any business conducted in New York caused any injury to the Plaintiffs. As a result, the Plaintiffs have failed to establish that this Court may assert specific jurisdiction over the Defendants.

## IV. CONCLUSION

The Court should find there is no basis for jurisdiction in this case. The Plaintiffs have failed to establish jurisdiction exists under the New York statute, and failed to show there is either general or specific jurisdiction according to the due process requirements of the Fourteenth Amendment.

Applying the standards for jurisdiction established by case law in the Southern District of New York supports a dismissal in this case. It has not been shown that the Defendants are "doing business" in New York, "transacting business" in New York, or that the Defendants committed a tortious act that resulted in injury in New York.

Furthermore, The Plaintiffs have failed to demonstrate either general or specific jurisdiction exists. Even if the facts are taken in a light most favorable to the Plaintiffs, there are no facts to support a finding that Defendants have minimum contacts with the State of New York, or that the Defendants have purposely directed their business activity towards residents of New York.

In conclusion, Defendants are not subject to jurisdiction in this forum. Plaintiffs have not alleged any facts that connect the Defendant to New York. Therefore, defendants respectfully request this Court dismiss this action with prejudice for lack of personal jurisdiction, and award Defendants their reasonable attorney's fees.

DATED this 25th day of October, 2007.

    Respectfully submitted,

    McGARRY & SIMON
    Attorneys for Defendants

    By: _____
    William A. Simon  (WS4604)
    A Member of the Firm
    317 Madison Avenue, Suite 1511
    New York, New York 10017
    Ph: (212) 867-0100
    Fax: (212) 867-3243

TO:   AARON GEORGHIADES, ESQ.
      Attorney for Defendants
      c/o Cozen & O'Connor
      909 Third Avenue
      New York, New York 10022
      Ph: (212) 453-3890
      Fax: (212) 207-4938