# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CENGAGE LEARNING, INC.
(f/k/a THOMSON LEARNING, INC.)
WILEY EDUCATION, INC.
JOHN WILEY & SONS, INC., and
THE MCGRAW-HILL COMPANIES, INC,

                        Plaintiffs,

            -against-

BUCKEYE BOOKS,
USED BOOK EXCHANGE,
TEXTBOOKSRUS.COM., LLC, and
PHILIP SMYRES,

                        Defendants.

------------------------------------------------------------x

**AFFIDAVIT OF PATRICK MURPHY**

07 Civ 8540 (CM)(THK)

PATRICK MURPHY, being duly sworn, deposes and states as follows:

1. I am a Senior Paralegal in the Legal Department of John Wiley & Sons, Inc. ("Wiley") responsible for copyright enforcement matters, and I respectfully submit this affidavit in support of plaintiffs' opposition to defendants' motion to dismiss the Complaint for lack of personal jurisdiction.

2. Unless otherwise stated, the matters affirmed herein are within my personal knowledge and are true, or are based on documents or information from Wiley, in which case I believe them to be true.

3. Used Book Exchange ("UBX") and Buckeye Books ("Buckeye"), through Philip Smyres ("Smyres"), have been customers of Wiley since 1995 and 1999 respectively. I also understand that they are customers of the other plaintiffs in this lawsuit- Pearson Education, Inc., Cengage Learning, Inc., and The McGraw-Hill Companies, Inc. Smyres is listed as the owner

and primary contact person of UBX and Buckeye according to Wiley's customer records. Smyres also owns and operates an e-commerce company called Textbooksrus.com, LLC ("TRU"), which sells textbooks over the internet, apparently to consumers all across the United States. TRU has never been one of Wiley's customers.

4. In or about 2006, when the plaintiffs in this lawsuit began to suspect that Smyres, through his companies, UBX, Buckeye, and TRU (collectively, the "defendants"), was selling illegal textbooks, my colleague Lisa Suarez, placed orders on the TRU e-commerce website for two separate titles from TRU and Philip Smyres on September 30, 2006 and April 10, 2007 (for a detailed account of the names of those titles and their copyright registration details, I respectfully refer this Court to paragraphs 50 and 51 of the Complaint). Copies of those titles were delivered to an address in <u>Merrick, New York</u> on October 4, 2006, and April 13, 2007 respectively. Upon Wiley's analysis of the copies that Smyres and TRU delivered, Wiley determined that one of the delivered books was a pirated (i.e. counterfeit) copy and the other was an international edition, not intended for sale in the United States.

5. To further investigate the authenticity of defendants' stock of Wiley's publications, on June 1, 2007 I placed orders on the Smyres' and TRU's e-commerce website for two titles: 1) *Applied Statistics and Probability for Engineers,* and 2) *Marketing Research* (for a detailed account of the names of those titles and their copyright registration details, I respectfully refer this Court to paragraphs 52-54 of the Complaint). The billing address for those orders was my address in New York City, specifically Staten Island. On June 6, 2007, copies of those titles were delivered to an address <u>in New York City, specifically Manhattan</u>, and upon Wiley's analysis of the books that Smyres and TRU delivered, it was determined that the *Marketing Research* book was a pirated copy and the *Applied Statistics and Probability for Engineers*

book was an international edition (i.e. gray market) copy, not intended for sale in the United States. When I further inspected the copy of the *Applied Statistics and Probability for Engineers* book that TRU delivered, I discovered that Smyres and TRU had placed stickers bearing the name "Textbooks R Us" over the territorial restrictions printed on the cover of that book, and improperly placed a laser-printed label bearing the U.S. ISBN and bar code over the international edition ISBN and barcode on the book, disguising the sales restrictions and place of manufacture from consumers. On August 2, 2007, I placed a second order on the Smyres and TRU website for the second title, *Control Systems Engineering*, (for a detailed account of the names of those titles and their copyright registration details, I respectfully refer this Court to paragraphs 52-54 of the Complaint). The billing address for that order was my address in New York City, specifically Staten Island. On August 4, 2007, a copy of that title was delivered to an address in New York City, specifically Manhattan, and upon Wiley's analysis of the book, that Smyres and TRU delivered, it was determined that *Control Systems Engineering* was an international edition (i.e. gray market) copy, not intended for sale in the United States, and that it had the same TRU stickers as the other titles, in the way described above. Copies of the shipping labels corresponding to the above transactions, reflecting that the books were delivered to an address in New York, and representative copies the stickers on the international editions, are attached hereto as Exhibit "A."

    6.    On or about October 31, 2007, I ordered two additional textbooks from defendants TRU: *Control Systems Engineering*, and *Material Science and Engineering: An Introduction*. The first was ordered directly from TRU, and the latter was ordered from TRU via ValoreBooks.com, a New York incorporated company located in Erie County, New York. Both books were delivered to New York City, specifically Manhattan, and both were found to be gray

market textbooks, "re-stickered" in the way described above. This shows that TRU actively sells illegal textbooks through a New York based company, to New York consumers. Copies of the relevant purchase confirmations, reflecting that the books were delivered to addresses in New York, copies of Valore Exchange, LLC's New York entity formation information, and copies of the TRU stickers that were placed on the books, are attached hereto as Exhibit "B."

6.  As part of Wiley's efforts to trace and investigate the illegal importations of pirated and international textbooks into the United States, Wiley subscribed to the services of PIERS, an import/trade data-provision company that provides comprehensive data on international trade. Wiley's records under that subscription date back to February 2006. I understand that Richard Essig, the Vice President of Planning & Logistics of the Higher Education, International and Professional Group of Pearson Education, has analyzed and affirmed to the contents of the PIERS reports in his affidavit dated November 7, 2007. I have reviewed the PIERS reports myself, and agree with Mr. Essig's observations and affirmations with respect to those PIERS reports. As Mr. Essig affirms in greater detail in his affidavit, the PIERS reports show that Smyres regularly imports extremely large quantities of books into the United States from Asian exporters known for their acts of textbook piracy, that he does so on behalf of TRU, Buckeye, and presumably UBX, as well as another company called BookDogBooks.com, and that he has used seaports in New York State to do so between February 2007 to June 2007 alone, en route to Ohio, mostly delivered to TRU's 2340 Wood Avenue address.

7.  In addition to the commingling of imported textbooks from Asia into New York and elsewhere in the U.S. reflected by the PIERS reports, there are other facts that show little distinction and independence between UBX, Buckeye and TRU, and that Smyres is the owner

4

and primary controller of all the companies. For example, the "Customer Inquiry Page" from Wiley's customer database, dated October 5, 2006, attached hereto as Exhibit "C," reflects that the main contacts for UBX were Smyres and a person named Michelle Gordon, whose email domain address is identified as "textbooksrus.com." In addition to the above, the following facts tend to infer that the company defendants are amorphous and all act in inseparable association with each other:

- The company defendants are all owned and were formed by Smyres. Copies of the company defendants' company formation records are attached hereto as Exhibit "D."

- UBX and Buckeye Books describe themselves as sister stores on their websites. A copy of the relevant printout from the UBX website is attached hereto as Exhibit "E."

- UBX was formed by Smyres, but its domain name for ubxbookexchange.com is registered by Buckeye Books. Copies of the relevant "WHOIS" domain registration database printouts are attached hereto as Exhibit "F."

- UBX and TRU's company records show that the two companies once shared the same address. (See Exhibit "C").

- The PIERS reports reflect that one shipment consigned to Smyres was delivered to "Buckeye Books/Textbooksrus" at TRU's address at 2340 Wood Avenue, Columbus, Ohio. (See Essig Aff. ¶ 9; Essig Aff. Exh. C)

- Wiley and the other plaintiffs in this action (to the best of my knowledge) have reason to believe that the company defendants all get their stock from the same sources. Often, Smyres is listed as the consignee in connection with foreign importations, and he presumably distributes the stock among the company defendants. UBX is the only company defendant that is not to be listed as a consignee on the PIERS reports.

- UBX is the registrant for TRU's textbooksrus.com domain name, with Smyres listed as the principal agent contact. Copies of the relevant printouts of the WHOIS database, reflecting UBX's registration of TRU's textbooksrus.com domain name, are included as part of Exhibit "D."

8. Recently, I have also discovered that TRU is supplying textbooks on behalf of a company that plaintiffs are also suing in this Court for sales of international edition textbooks to New York residents, called "Thetextbookguy.com," owned by Matthew Stirling ("Stirling") - a company that is selling to New York consumers over the internet. To my knowledge, TRU is supplying international editions of textbooks to Stirling and Thetextbookguy.com, because the book ordered from Stirling and fulfilled by TRU was an international edition. Therefore, not only are TRU and Smyres selling illegal textbooks into New York's stream of commerce themselves, but they are also doing so indirectly through other companies who are engaging in similar acts of international edition textbook sales. A copy of a shipping label from TRU to Stirling, for textbooks that were eventually shipped to me in New York, is attached hereto as Exhibit "G."

9. After a thorough review of the facts to which I have affirmed herein, it is abundantly clear that defendants are using New York as an essential target for commerce and as a place to facilitate their illegal textbook piracy activities.

PATRICK MURPHY

Sworn to before me this the
8th day of November, 2007

NOTARY PUBLIC

TAMARA KELLY
Notary Public of New Jersey
Commission Expires June 19, 2012

6