UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF New York

| | | |
|---|---|---|
| CENGAGE LEARNING, INC. | ) | |
| (f/k/a THOMSON LEARNING, INC.) | ) | |
| PEARSON EDUCATION, INC. | ) | |
| JOHN WILEY & SONS, INC., AND | ) | |
| THE MCGRAW-HILL COMPANIES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 07 Civ. 8540 |
| | ) | |
| -against- | ) | |
| | ) | |
| BUCKEYE BOOKS, | ) | |
| USED BOOK EXCHANGE, | ) | |
| TEXTBOOKSRUS.COM, LLC, and | ) | |
| PHILIP SMYRES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS**

TABLE OF CONTENTS

I.   INTRODUCTORY STATEMENT ........................................................................ 1

II.  ARGUMENT ........................................................................................................ 3

     A.   POINT I .................................................................................................. 3

          1.   An Exercise of Personal Jurisdiction
               Will Not Conform With the Requirements
               of Constitutional Due Process. ........................................................ 3

          2.   The Exercise of Personal Jurisdiction Is Not Reasonable. ............ 4

     B.   POINT II:   THIS COURT DOES NOT HAVE PERSONAL
                       JURISDICTION OVER DEFENDANTS UNDER
                       CPLR 301 .............................................................................. 6

     C.   POINT III:  DEFENDANTS ARE NOT SUBJECT TO
                       JURISDICTION UNDER CPLR 302. .............................. 7

          1.   Defendants Are Not Subject to Specific Jurisdiction. ................... 8

          2.   Defendants Are Not Subject to Personal Jurisdiction
               Under CPLR § 302(a)(3)(ii). .......................................................... 9

     D.   POINT IV:   THIS COURT DOES NOT HAVE SPECIFIC
                       JURISDICTION OVER SMYRES. ................................. 9

III. CONCLUSION ................................................................................................... 10

# I. INTRODUCTORY STATEMENT

In an attempt to justify the exercise of personal jurisdiction over the Defendants in this case, Plaintiffs engage in nothing less than forum shopping. Plaintiffs strive to rationalize this by falsely stating that the Defendants have imported books into New York and that the Defendants would not be inconvenienced. As set forth in Defendants' Motion to Dismiss, the New York does not have personal jurisdiction over Defendants under New York CPLR §301 or §302. Likewise, New York does not have general jurisdiction over Defendants because the minimum contacts test has not been satisfied. Nor does New York have specific jurisdiction over Defendants who have not purposefully directed activities at residents of New York.

Plaintiffs attempt to overcome this lack of jurisdiction with a number of fallacious statements. First, Plaintiffs claim that Defendants "make heavy and regular use of New York seaports" without naming any. In fact, almost all of these "New York seaports" to which Plaintiffs refer are located in New Jersey, operated by The Port Authority of New York and New Jersey.

Second, Plaintiffs allege that Defendants have "imported illegal textbooks from specific Asian importers known for their rampant acts of textbook piracy." This statement is quite disingenuous in that the primary supplier of pirated books, if any, was actually recommended by Plaintiff Pearson's website under the heading "Where to buy." See:http://www.pearson-indochina.com/wheretobuy.html for Wirat Educational Services. Evidently, Asian exporters "known" to be involved in textbook piracy are

recommended by Plaintiffs.  Moreover, U.S. Customs inspected these shipments found the books to be legitimate. If these Asian importers were "known" to be involved in textbook piracy as the Plaintiffs allege, U.S. Customs would have been aware of this fact, as they are kept abreast of such offenders. This is an attempt by Plaintiffs to discredit the Defendants on false and irrelevant non-jurisdictional grounds, with which their motion is rife.

Third, the Plaintiffs argue that New York may exercise personal jurisdiction over the Defendants because it would be convenient for the Plaintiffs.   However, the only Plaintiff that has a headquarters in New York has a larger location in Ohio, where all Defendants are based.  New York has little interest in the matter, contrary to Plaintiffs' allegation.

Plaintiffs make the unsupported and false allegation that the Defendants would not be burdened by litigation in New York. Defendants are used bookstores operating solely in the State of Ohio at Ohio state university campuses. Defendants do not have any offices, agents, telephone listings or mailing addresses in New York, nor do they own or rent any property in New York or have any employees in New York. Defendants do not maintain any bank accounts, licenses, or other operations in New York. Litigation in New York would be highly burdensome on these small businesses.

Plaintiffs attempt to establish jurisdiction via the false allegation that Defendants own Textbooksdepot, a New York corporation.  In fact, they do not. They had never heard of it before, and will take legal action against it for copyright violations.  Google

indicates that the actual owner may be a Washington State resident who cut and pasted material from Defendant's website and clumsily failed to omit Defendant's name.

Plaintiffs also assert that Defendants ship to New York via Valorebooks.com of Buffalo, New York, an unrelated company. Valorebooks' search engine may facilitate Defendants' sales, but such sales are just as likely shipped to California or any other state as New York.  In any case, Valorebooks is located hundreds of miles closer to Ohio than to the Southern District of New York.

Because the Plaintiffs made a number of misleading and fallacious arguments in support of personal jurisdiction it appears that they are forum shopping. Plaintiffs attempt to bring this case in a state in which only one of the eight parties is located. The only apparent reason for such forum shopping is that the Plaintiffs preferred to burden New York in an attempt to make litigation inconvenient for the Defendants. Plaintiffs' response to the Defendants' Motion to Dismiss should be disregarded and the Motion to Dismiss should be granted.

## II. ARGUMENT

### POINT I

**1.     An Exercise of Personal Jurisdiction Would Not Conform with the Requirements of Constitutional Due Process.**

Due process requires that an out of state Defendant "have certain minimum contacts" with the forum state so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Miliken v. Myer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). The purpose of the "minimum

contacts" requirement is to protect the defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty imposed by their status in the federal system. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). The purposeful availment requirement ensures that defendants will not be "hailed into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)).

Plaintiffs have not established that Defendants have purposefully availed themselves to any privilege of conducting business in New York or that Defendants sold "numerous" textbooks in New York, but only a handful at the request of the Plaintiffs, who reached out to Ohio state university campus neighborhood bookstores' website to buy them.

### 2. The Exercise of Personal Jurisdiction Is Not Reasonable.

Since the Defendants have no minimum contacts with New York, the exercise of personal jurisdiction would be unreasonable. Furthermore, the five factors used to evaluate the reasonableness of jurisdiction, as set forth by *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 130 (2d Cir. 2002), demonstrate the jurisdiction in the New York is not reasonable in this case.

First, jurisdiction in New York would impose a burden on the Defendants, who are all located in Ohio, do not have any offices, agents, telephone listings or mailing addresses in New York, do not own or rent any property in New York, do not have any employees in New York, and do not maintain any bank accounts, licenses, or other

operations in New York. Second, New York does not have a strong interest in adjudicating this case. The Defendants have little to no contact in New York and no evidence has been given that they ship a large number of textbooks into New York as the Plaintiffs claim. Third, Plaintiffs located outside New York cannot reasonably have the "utmost interests" in seeking relief in a New York forum and it is unfairly burdensome to the Ohio defendant bookstores and person. Fourth, Plaintiffs argue that jurisdiction in New York would be reasonable because "the efficient functioning of the interstate judicial system supports having this case heard in one court in New York." Plaintiffs support this assertion by stating that Defendants regularly conduct business in New York, regularly utilize New York seaports, transport goods throughout New York, and have minimum contacts in New York. Once again, these assertions are completely false and have been rebutted.

Fifth, Plaintiffs have failed to demonstrate that New York's desire to maintain a stream of commerce free from counterfeit goods, gray market goods, or other infringing goods, if any, will be affected by hearing this case. Moreover, to the extent New York may be interested in maintaining a clean stream of commerce, every other state in the U.S. has a similar desire.

In conclusion, personal jurisdiction over the Defendants is not reasonable in this case. The Defendants do not meet the minimum contacts requirements necessary to comport with due process under the Constitution. In addition, none of the five factors as set out in the *Bank Brussels* test indicate that jurisdiction in New York would be proper.

**POINT II**

**THIS COURT DOES NOT HAVE PERSONAL
JURISDICTION OVER DEFENDANTS UNDER CPLR 301.**

In their Brief in Support of the Motion to Dismiss, Defendants fully explained the reasons this Court does not have personal jurisdiction over them under CPLR §301. CPLR §301 provides that a foreign corporation is amenable to New York jurisdiction if it is "doing business" in New York State. *Stephan v. Babysport, LLC*, 499 F.Supp.2d at 285. A foreign corporation is "doing business" if it engages in "such a continuous and systematic course of doing business" sufficient to support a finding of its presence in this jurisdiction. *E.g. Frummer v. Hilton Hotels International, Inc*., 19 NY 533, 536 (1967). Factors that tend to show whether a defendant does business in New York or has a presence in New York include the existence of a New York office, the presence of bank accounts in New York, ownership of property in New York, and the presence of agents or employees in New York . Landoil Resources Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d. Cir. 1985).

Jurisdiction cannot be maintained over the Defendants pursuant to CPLR §301. Defendants do not maintain a New York office, do not have any employees in New York, and do not maintain any New York bank accounts. As a result, the Defendants are not "present" within this jurisdiction. Moreover, Defendants have not engaged in a continuous and systematic course of doing business in New York. Defendants have not regularly and systematically used seaports or distribution channels in New York, have not regularly and continuously solicited sales to New York consumers, have not

continuously or systematically sold books to New York customers, do not own or operate Textbooksdepot, a New York corporation, and do not use non-domiciled third-party retailers to sell infringing works in New York, all of which the Plaintiffs erroneously allege in an attempt to have jurisdiction exercised over the Defendants.

Even if Plaintiffs could establish solicitation of business in New York, which they have failed to do, jurisdiction remains improper under CPLR §301.  *Laufer v. Ostrow*, 55 NY2d 305, 310, 434 N.E.2d 692, 694-95 (1982) provides that "solicitation of business alone" will not satisfy the requirements of CPLR §301. Instead, jurisdiction can be exercised under CPLR §301 "when there are activities of substance in addition to solicitation."

## POINT III

### DEFENDANTS ARE NOT SUBJECT TO JURISDICTION UNDER CPLR 302.

Defendants showed that they are not subject to jurisdiction under CPLR 302 in their Brief in Support of the Motion to Dismiss. New York CPLR §302(a) provides that the Court may exercise jurisdiction over any non-domiciliary who: (1) transacts any business within the state or contracts anywhere to supply good or services in the state; (2) commits a tortious act within the state; or (3) commits a tortious act without the state causing injury within the state if the defendant. Plaintiffs have failed to establish that the Defendants are subject to personal jurisdiction in the Southern District of New York under any of the three sections of §302(a).

**1.     Defendants Are Not Subject to Specific Jurisdiction under CPLR §302(a)(3)(i).**

Defendants are not subject to personal jurisdiction under CPLR §302(a)(3)(i). The only demonstrated shipments the Defendants made to New York were for those few books that Plaintiffs purchased in order to entrap the Defendants into New York jurisdiction. Furthermore, *ISI Brands, Inc. v. KCC Intern., Inc*., 458 F.Supp.2d 81 (E.D.N.Y. 2006) held that the "existence of alleged trademark infringer's interactive commercial website that could be accessed by New York residents was not sufficient to justify the exercise of personal jurisdiction over alleged infringer under 'transacting business' prong of New York's long arm statute where there were no allegations that alleged infringer directed its activities to New York." Here, the Defendants did not direct its activities to New York. *ISI Brands* went on to state that "plaintiff's' purchase of products from alleged infringer's website was not sufficient to justify an exercise of personal jurisdiction since the infringement claims were not related to the purchases, which were nothing more than an attempt by plaintiff to manufacture a contact with New York forum."

Plaintiffs also assert that the Defendants have continued to sell infringing works in New York, after their motion was filed. Such an assertion is untrue and merely an attempt to discredit the Defendants. In fact, once the Defendants learned of the Plaintiffs' claims, all of the books Plaintiffs alleged were infringing were withdrawn from sale. Defendants are strenuously opposed to piracy, and invited Plaintiffs to inspect all

facilities to help identify pirated copies, if any. Any allegation that Defendants ever knowingly shipped pirated books anywhere is blatantly false.

    **2.    Defendants Are Not Subject to Personal Jurisdiction Under CPLR §302(a)(3)(ii)**.

In order to exercise jurisdiction under this section, the Defendants must have committed a tortious act outside of New York that causes injury within New York and the defendant must (i) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expect or should reasonably expect the act to have consequences in the state and service and derive substantial revenue from interstate or international commerce. In fact most of the Defendants' trade is purchases and sales in Columbus, Ohio, especially from Ohio State University college students.

## POINT IV

### THIS COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER SMYRES.

Plaintiffs offered nothing accurate to prove purposeful activity on the part of the Defendants. Thus, because TextbooksRus.com is not subject to jurisdiction in New York, Defendant Smyres cannot be subject to jurisdiction based on ownership of that entity alone.

### III. CONCLUSION

Plaintiffs have failed to demonstrate a basis for personal jurisdiction over the Defendants in New York. As a result, Defendants' Motion to Dismiss should be granted.

        Respectfully submitted,

        McGARRY & SIMON
        Attorneys for Defendants


        By: _____/s_____
        William A. Simon (WS4604)

        317 Madison Avenue, Suite 1511
        New York, New York 10017
        Tel.: (212) 867-0100
        Fax: (212) 867-3243