**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CENGAGE LEARNING, INC. | ) | |
| (F/k/a THOMSON LEARNING, INC.) | ) | |
| PEARSON EDUCATION, INC. | ) | |
| JOHN WILEY & SONS, INC., AND | ) | |
| THE MCGRAW-HILL COMPANIES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 07 Civ. 8540 |
| | ) | |
| -Against- | ) | |
| | ) | |
| BUCKEYE BOOKS, | ) | |
| USED BOOK EXCHANGE, | ) | |
| TEXTBOOKSRUS.COM, LLC, and | ) | |
| PHILIP SMYRES, | ) | |
| | ) | |
| Defendants | ) | |

<u>**ANSWER**</u>

Defendants, TEXTBOOKSRUS.COM, LLC (sometimes hereinafter referred to as "TRU"), and PHILIP SMYRES (sometimes refereed to as "Smyres"), (hereinafter referred to collectively as the "Answering Defendants"), by and through their undersigned attorneys, as and for their Answer to the Complaint, respectfully allege as follows:

1. The Answering Defendants deny the allegations contained in the first Paragraph 1 of the Complaint and lack sufficient information to form a belief as to the truth of the allegations contained in the second Paragraph 1 of the Complaint.

2. The Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint, therefore, they are denied.

4. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint, therefore, they are denied.

5. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint, therefore, they are denied.

6. Answering Defendants admit that Buckeye is a business operating in the State of Ohio. Answering Defendants admit Buckeye has its principal place of business at 2060 North High Street, Columbus, Ohio, 43201. It promotes itself in part through an internet website www.buckeyebooks.com. Answering Defendants deny the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint as stated and demand strict proof thereof.

7. Answering Defendants admit that UBX is a business operating in the State of Ohio and promotes itself in part through an internet website, www.ubxbookexchange.com but denies that it operates the site. Answering Defendants deny UBX is physically located at 2060 North High Street, Columbus, Ohio, 43201. Answering Defendants assert UBX is physically located 10 E. 15th Ave Columbus, OH  43201. Answering Defendants deny the remaining allegations contained in Paragraph 7 of the Plaintiffs' Complaint as stated and demand strict proof thereof.

8. Answering Defendants admit that Buckeye and UBX are described as "sister stores" on UBX's internet website and that the UBX website provides internet customers with an internet hyperlink to Buckeye's website. Answering Defendants deny the remaining allegations contained in Paragraph 8 of the Plaintiffs' Complaint as stated and demand strict proof thereof.

9. Answering Defendants admit that TRU is a business registered in the State of Ohio but deny that it operates or has ever operated. Answering Defendants deny that TRU operates an

internet website, www.textbookrus.com. Answering Defendants deny that TRU is physically located at 2340 Wood Avenue, Columbus, Ohio, 4322. Answering Defendants deny the remaining allegations contained in Paragraph 9 of the Plaintiffs' Complaint as stated and demand strict proof thereof.

10. Answering Defendants admit that Philip Smyres is an individual.   They deny that he resides at 10 East 15th Avenue, Columbus, Ohio, 43201. Answering Defendants deny the remaining allegations contained in Paragraph 10 of the Plaintiffs' Complaint and demand strict proof thereof.

11. Answering Defendants deny that this Court has federal question jurisdiction over this matter under 28 U.S.C. §1332.  Answering Defendants deny that the amount in controversy exceeds $75,000, exclusive of interests and costs.

12. Answering Defendants deny that venue is proper in this jurisdiction. Answering Defendants deny the remaining allegations contained in Paragraph 12 of the Plaintiffs' Complaint and demand strict proof thereof.

13. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Plaintiffs' Complaint, therefore, they are denied.

14. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 14 of the Plaintiffs' Complaint, therefore, they are denied.

15. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 15 of the Plaintiffs' Complaint, therefore, they are denied.

16. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 16 of the Plaintiffs' Complaint, therefore, they are denied.

17. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 17 of the Plaintiffs' Complaint, therefore, they are denied.

18. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 18 of the Plaintiffs' Complaint, therefore, they are denied.

19. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 19 of the Plaintiffs' Complaint, therefore, they are denied.

20. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 20 of the Plaintiffs' Complaint, therefore, they are denied.

21. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 21 of the Plaintiffs' Complaint, therefore, they are denied.

22. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 22 of the Plaintiffs' Complaint, therefore, they are denied.

23. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 23 of the Plaintiffs' Complaint, therefore, they are denied.

24. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 24 of the Plaintiffs' Complaint, therefore, they are denied.

25. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 25 of the Plaintiffs' Complaint, therefore, they are denied.

26. Answering Defendants deny the allegations contained in paragraph 26 of the Plaintiffs' Complaint in that there are no unwitting purchasers of foreign editions.  Answering Defendants are without sufficient information to admit or deny the remaining allegations and therefore, they are denied.

27. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 27 of the Plaintiffs' Complaint, therefore, they are denied.

28. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 28 of the Plaintiffs' Complaint, therefore, they are denied.

29. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 29 of the Plaintiffs' Complaint, therefore, they are denied.

30. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 30 of the Plaintiffs' Complaint, therefore, they are denied.

31. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 31 of the Plaintiffs' Complaint, therefore, they are denied.

32. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 32 of the Plaintiffs' Complaint, therefore, they are denied.

33. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 33 of the Plaintiffs' Complaint, therefore, they are denied.

34. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 34 of the Plaintiffs' Complaint, therefore, they are denied.

35. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 35 of the Plaintiffs' Complaint, therefore, they are denied.

36. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 36 of the Plaintiffs' Complaint, therefore, they are denied.

37. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 37 of the Plaintiffs' Complaint, therefore, they are denied.

38. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 38 of the Plaintiffs' Complaint, therefore, they are denied.

39. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 39 of the Plaintiffs' Complaint, therefore, they are denied.

40. Answering Defendants deny the allegations contained in paragraph 40 of the Plaintiffs' Complaint, therefore, they are denied.

41. Answering Defendants deny the allegations contained in Paragraph 41 of the Plaintiffs' Complaint and demand strict proof thereof.

42. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 42 of the Complaint, therefore, they are denied.

43. Answering Defendants deny the allegations contained in Paragraph 43 of the Plaintiffs' Complaint and demand strict proof thereof.

44. Answering Defendants deny the allegations contained in Paragraph 44 of the Plaintiffs' Complaint and demand strict proof thereof.

45. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 45 of the Complaint, therefore, they are denied.

46. Answering Defendants deny the allegations contained in Paragraph 46 of the Plaintiff's Complaint and demand strict proof thereof.

47. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 47 of the Complaint, therefore, they are denied.

48. Answering Defendants deny the allegations contained in Paragraph 48 of the Plaintiffs' Complaint and demand strict proof thereof.

49. Answering Defendants deny the allegations contained in Paragraph 49 of the Plaintiffs' Complaint and demand strict proof thereof.

50. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 50 of the Complaint, therefore, they are denied.

51. Answering Defendants deny the allegations contained in Paragraph 51 of the Plaintiffs' Complaint and demand strict proof thereof.

52. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 52 of the Complaint, therefore, they are denied.

53. Answering Defendants deny the allegations contained in Paragraph 53 of the Plaintiffs' Complaint and demand strict proof thereof.

54. Answering Defendants deny the allegations contained in Paragraph 54 of the Plaintiffs' Complaint and demand strict proof thereof.

55. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 55 of the Complaint, therefore, they are denied.

56. Answering Defendants deny the allegations contained in Paragraph 56 of the Plaintiffs' Complaint and demand strict proof thereof.

57. Answering Defendants deny the allegations contained in Paragraph 57 of the Plaintiffs' Complaint and demand strict proof thereof.

58. Answering Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 58 of the Complaint, therefore, they are denied.

59. Answering Defendants deny the allegations contained in Paragraph 59 of the Plaintiffs' Complaint and demand strict proof thereof.

60. Answering Defendants deny the allegations contained in Paragraph 60 of the Plaintiffs' Complaint and demand strict proof thereof.

61. Answering Defendants deny the allegations contained in Paragraph 61 of the Plaintiffs' Complaint and demand strict proof thereof.

62. Answering Defendants deny the allegations contained in Paragraph 62 of the Plaintiffs' Complaint and demand strict proof thereof.

63. Answering Defendants deny the allegations contained in Paragraph 63 of the Plaintiffs' Complaint and demand strict proof thereof.

64. Answering Defendants admit the allegations contained in Paragraph 64 of the Plaintiffs' Complaint.

65. Answering Defendants deny the allegations contained in Paragraph 65 of the Plaintiffs' Complaint and demand strict proof thereof.

66. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 66 of the Plaintiffs' Complaint, therefore, they are denied.

67. Answering Defendants deny the allegations contained in Paragraph 67 of the Plaintiffs' Complaint and demand strict proof thereof.

68. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 68 of the Plaintiffs' Complaint, therefore, they are denied.

69. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 69 of the Plaintiffs' Complaint, therefore, they are denied.

70. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 70 of the Plaintiffs' Complaint, therefore, they are denied.

71. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 71 of the Plaintiffs' Complaint, therefore, they are denied.

72. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 72 of the Plaintiffs' Complaint, therefore, they are denied.

73. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 73 of the Plaintiffs' Complaint, therefore, they are denied.

74. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 74 of the Plaintiffs' Complaint, therefore, they are denied.

75. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 75 of the Plaintiffs' Complaint, therefore, they are denied.

76. Answering Defendants deny the allegations contained in Paragraph 76 of the Plaintiffs' Complaint and demand strict proof thereof.

77. Answering Defendants deny intentionally failing to disclose that pirated copies were among returns to Publishers.

78. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 78 of the Plaintiffs' Complaint, therefore, they are denied.

79. Answering Defendants deny the allegations contained in Paragraph 79 of the Plaintiffs' Complaint and demand strict proof thereof.

80. Answering Defendants deny the allegations contained in Paragraph 80 of the Plaintiffs' Complaint and demand strict proof thereof.

81. Answering Defendants deny the allegations contained in Paragraph 81 of the Plaintiffs' Complaint and demand strict proof thereof.

82. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 82 of the Plaintiffs' Complaint, therefore, they are denied.

83. Answering Defendants deny the allegations contained in Paragraph 83 of the Plaintiffs' Complaint and demand strict proof thereof.

84. Answering Defendants deny the allegations contained in Paragraph 84 of the Plaintiffs' Complaint and demand strict proof thereof.

85. Answering Defendants deny the allegations contained in Paragraph 85 of the Plaintiffs' Complaint and demand strict proof thereof.

86. Answering Defendants deny the allegations contained in Paragraph 86 of the Plaintiffs' Complaint and demand strict proof thereof.

87. Answering Defendants deny the allegations contained in Paragraph 87 of the Plaintiffs' Complaint and demand strict proof thereof.

88. Answering Defendants deny the allegations contained in Paragraph 88 of the Plaintiffs' Complaint and demand strict proof thereof.

89. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 89 of the Plaintiffs' Complaint, therefore, they are denied.

90. Answering Defendants deny the allegations contained in Paragraph 90 of the Plaintiffs' Complaint and demand strict proof thereof.

91. Answering Defendants deny the allegations contained in Paragraph 91 of the Plaintiffs' Complaint and demand strict proof thereof.

92. Answering Defendants deny the allegations contained in Paragraph 92 of the Plaintiffs' Complaint and demand strict proof thereof.

93. Answering Defendants deny the allegations contained in Paragraph 93 of the Plaintiffs' Complaint and demand strict proof thereof.

94. Answering Defendants deny the allegations contained in Paragraph 94 of the Plaintiffs' Complaint and demand strict proof thereof.

95. Answering Defendants deny the allegations contained in Paragraph 95 of the Plaintiffs' Complaint and demand strict proof thereof.

96. Answering Defendants deny the allegations contained in Paragraph 96 of the Plaintiffs' Complaint and demand strict proof thereof.

97. Answering Defendants deny the allegations contained in Paragraph 97 of the Plaintiffs' Complaint and demand strict proof thereof.

98. Answering Defendants' responses to Paragraphs 1 through 97 of the Plaintiff's Complaint are repeated and realleged as though fully set forth herein.

99. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 99 of the Plaintiffs' Complaint, therefore, they are denied.

100. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 100 of the Plaintiffs' Complaint, therefore, they are denied.

101. Answering Defendants deny the allegations contained in Paragraph 101 of the Plaintiffs' Complaint and demand strict proof thereof.

102. Answering Defendants deny the allegations contained in Paragraph 102 of the Plaintiffs' Complaint and demand strict proof thereof.

103. Answering Defendants deny the allegations contained in Paragraph 103 of the Plaintiffs' Complaint and demand strict proof thereof.

104. Answering Defendants deny the allegations contained in Paragraph 104 of the Plaintiffs' Complaint and demand strict proof thereof.

105. Answering Defendants deny the allegations contained in Paragraph 105 of the Plaintiffs' Complaint and demand strict proof thereof.

106. Answering Defendants' responses to Paragraphs 1 through 105 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

107. Answering Defendants deny the allegations contained in Paragraph 107 of the Plaintiffs' Complaint and demand strict proof thereof.

108. Answering Defendants deny the allegations contained in Paragraph 108 of the Plaintiffs' Complaint and demand strict proof thereof.

109. Answering Defendants deny the allegations contained in Paragraph 109 of the Plaintiffs' Complaint and demand strict proof thereof.

110. Answering Defendants deny the allegations contained in Paragraph 110 of the Plaintiffs' Complaint and demand strict proof thereof.

111. Answering Defendants deny the allegations contained in Paragraph 111 of the Plaintiffs' Complaint and demand strict proof thereof.

112. Answering Defendants deny the allegations contained in Paragraph 112 of the Plaintiffs' Complaint and demand strict proof thereof.

113. Answering Defendants deny the allegations contained in Paragraph 113 of the Plaintiffs' Complaint and demand strict proof thereof.

114. Answering Defendants deny the allegations contained in Paragraph 114 of the Plaintiffs' Complaint and demand strict proof thereof.

115. Answering Defendants deny the allegations contained in Paragraph 115 of the Plaintiffs' Complaint and demand strict proof thereof.

116. Answering Defendants deny the allegations contained in Paragraph 116 of the Plaintiffs' Complaint and demand strict proof thereof.

117. Answering Defendants' responses to Paragraphs 1 through 116 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

118. Answering Defendants deny the allegations contained in Paragraph 118 of the Plaintiffs' Complaint and demand strict proof thereof.

119. Answering Defendants deny the allegations contained in Paragraph 119 of the Plaintiffs' Complaint and demand strict proof thereof.

120. Answering Defendants deny the allegations contained in Paragraph 120 of the Plaintiffs' Complaint and demand strict proof thereof.

121. Answering Defendants deny the allegations contained in Paragraph 121 of the Plaintiffs' Complaint and demand strict proof thereof.

122. Answering Defendants deny the allegations contained in Paragraph 122 of the Plaintiffs' Complaint and demand strict proof thereof.

123. Answering Defendants deny the allegations contained in Paragraph 123 of the Plaintiffs' Complaint and demand strict proof thereof.

124. Answering Defendants deny the allegations contained in Paragraph 124 of the Plaintiffs' Complaint and demand strict proof thereof.

125. Answering Defendants deny the allegations contained in Paragraph 125 of the Plaintiffs' Complaint and demand strict proof thereof.

126. Answering Defendants deny the allegations contained in Paragraph 126 of the Plaintiffs' Complaint and demand strict proof thereof.

127. Answering Defendants deny the allegations contained in Paragraph 127 of the Plaintiffs' Complaint and demand strict proof thereof.

128. Answering Defendants' responses to Paragraphs 1 through 127 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

129. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 129 of the Plaintiffs' Complaint, therefore, they are denied.

130. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 130 of the Plaintiffs' Complaint, therefore, they are denied.

131. Answering Defendants deny the allegations contained in Paragraph 131 of the Plaintiffs' Complaint and demand strict proof thereof.

132. Answering Defendants deny the allegations contained in Paragraph 132 of the Plaintiffs' Complaint and demand strict proof thereof.

133. Answering Defendants deny the allegations contained in Paragraph 133 of the Plaintiffs' Complaint and demand strict proof thereof.

134. Answering Defendants deny the allegations contained in Paragraph 134 of the Plaintiffs' Complaint and demand strict proof thereof.

135. Answering Defendants deny the allegations contained in Paragraph 135 of the Plaintiffs' Complaint and demand strict proof thereof.

136. Answering Defendants deny the allegations contained in Paragraph 136 of the Plaintiffs' Complaint and demand strict proof thereof.

137. Answering Defendants deny the allegations contained in Paragraph 137 of the Plaintiffs' Complaint and demand strict proof thereof.

138. Answering Defendants' responses to Paragraphs 1 through 137 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

139. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 139 of the Plaintiffs' Complaint, therefore, they are denied.

140. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 140 of the Plaintiffs' Complaint, therefore, they are denied.

141. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 141 of the Plaintiffs' Complaint, therefore, they are denied.

142. Answering Defendants deny the allegations contained in Paragraph 142 of the Plaintiffs' Complaint and demand strict proof thereof.

143. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 143 of the Plaintiffs' Complaint, therefore, they are denied.

144. Answering Defendants deny the allegations contained in Paragraph 144 of the Plaintiffs' Complaint and demand strict proof thereof.

145. Answering Defendants deny the allegations contained in Paragraph 145 of the Plaintiffs' Complaint and demand strict proof thereof.

146. Answering Defendants deny the allegations contained in Paragraph 146 of the Plaintiffs' Complaint and demand strict proof thereof.

147. Answering Defendants deny the allegations contained in Paragraph 147 of the Plaintiffs' Complaint and demand strict proof thereof.

148. Answering Defendants deny the allegations contained in Paragraph 148 of the Plaintiffs' Complaint and demand strict proof thereof.

149. Answering Defendants deny the allegations contained in Paragraph 149 of the Plaintiffs' Complaint and demand strict proof thereof.

150. Answering Defendants' responses to Paragraphs 1 through 149 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

151. Answering Defendants deny the allegations contained in Paragraph 151 of the Plaintiffs' Complaint and demand strict proof thereof.

152. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 152 of the Plaintiffs' Complaint, therefore, they are denied.

153. Answering Defendants deny the allegations contained in Paragraph 153 of the Plaintiffs' Complaint and demand strict proof thereof.

154. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 154 of the Plaintiffs' Complaint, therefore, they are denied.

155. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 155 of the Plaintiffs' Complaint, therefore, they are denied.

156. Answering Defendants deny the allegations contained in Paragraph 156 of the Plaintiffs' Complaint and demand strict proof thereof.

157. Answering Defendants deny the allegations contained in Paragraph 157 of the Plaintiffs' Complaint and demand strict proof thereof.

158. Answering Defendants' responses to Paragraphs 1 through 157 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

159. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 159 of the Plaintiffs' Complaint, therefore, they are denied.

160. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 160 of the Plaintiffs' Complaint, therefore, they are denied.

161. Answering Defendants deny the allegations contained in Paragraph 161 of the Plaintiffs' Complaint and demand strict proof thereof.

162. Answering Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 162 of the Plaintiffs' Complaint, therefore, they are denied.

163. Answering Defendants deny the allegations contained in Paragraph 163 of the Plaintiffs' Complaint and demand strict proof thereof.

164. Answering Defendants deny the allegations contained in Paragraph 164 of the Plaintiffs' Complaint and demand strict proof thereof.

165. Answering Defendants deny the allegations contained in Paragraph 165 of the Plaintiffs' Complaint and demand strict proof thereof.

166. Answering Defendants deny the allegations contained in Paragraph 166 of the Plaintiffs' Complaint and demand strict proof thereof.

167. Answering Defendants' responses to Paragraphs 1 through 166 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

168. Answering Defendants deny the allegations contained in Paragraph 168 of the Plaintiffs' Complaint and demand strict proof thereof.

169. Answering Defendants deny the allegations contained in Paragraph 169 of the Plaintiffs' Complaint and demand strict proof thereof.

170. Answering Defendants deny the allegations contained in Paragraph 170 of the Plaintiffs' Complaint and demand strict proof thereof.

171. Answering Defendants deny the allegations contained in Paragraph 171 of the Plaintiffs' Complaint and demand strict proof thereof.

172. Answering Defendants deny the allegations contained in Paragraph 172 of the Plaintiffs' Complaint and demand strict proof thereof.

173. Answering Defendants' responses to Paragraphs 1 through 172 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth herein.

174. Answering Defendants deny the allegations contained in Paragraph 174 of the Plaintiffs' Complaint and demand strict proof thereof.

175. Answering Defendants deny the allegations contained in Paragraph 175 of the Plaintiffs' Complaint and demand strict proof thereof.

176. Answering Defendants deny the allegations contained in Paragraph 176 of the Plaintiffs' Complaint and demand strict proof thereof.

177. Answering Defendants deny the allegations contained in Paragraph 177 of the Plaintiffs' Complaint and demand strict proof thereof.

178. Answering Defendants' responses to Paragraphs 1 through 177 of the Plaintiffs' Complaint are repeated and realleged as though fully set forth therein.

179. Answering Defendants deny the allegations contained in Paragraph 179 of the Plaintiffs' Complaint and demand strict proof thereof.

180. Answering Defendants deny the allegations contained in Paragraph 180 of the Plaintiffs' Complaint and demand strict proof thereof.

181. Answering Defendants deny the allegations contained in Paragraph 181 of the Plaintiffs' Complaint and demand strict proof thereof.

182. Answering Defendants deny the allegations contained in Paragraph 182 of the Plaintiffs' Complaint and demand strict proof thereof.

183. Answering Defendants deny the allegations contained in Paragraph 183 of the Plaintiffs' Complaint and demand strict proof thereof.

184. Answering Defendants deny the allegations contained in Paragraph 184 of the Plaintiffs' Complaint and demand strict proof thereof.

185. Answering Defendants deny the allegations contained in Paragraph 185 of the Plaintiffs' Complaint and demand strict proof thereof.

Answering Defendants deny Plaintiffs are entitled to recover any damages from them. Answering Defendants further reserve the right to amend their Answer.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Answering Defendants assert that Plaintiffs' Complaint fails to state a claim against them upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claim of copyright infringement, violation of import right, contributory copyright infringement, and vicarious copyright infringement are barred by the doctrine of copyright misuse because Plaintiffs are using their copyrights in a manner violative of the public policy embodied in the grant of a copyright.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims of false advertising/unfair competition and trademark infringement are barred by the doctrine of trademark misuse because the Plaintiffs are using their trademarks in a manner violative of the public policy embodied in the grant of trademark rights.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are entitled to no damages due to the "first sale" doctrine.

FIFTH AFFIRMATIVE DEFENSE

All actions of Answering Defendants were undertaken in good faith and were legally justified and/or privileged.

SIXTH AFFIRMATIVE DEFENSE

To the extent Answering Defendants' actions have caused any infringement on the rights of Plaintiffs, whether under principles of trademark, copyright or other law or doctrine, Answering Defendants' actions were undertaken with innocent intent.

SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred by the doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred by the doctrine of unclean hands.  Plaintiffs engage in the same conduct complained of as far as relabeling books and altering ISBN's depending on convenience or logic in the market.

NINTH AFFIRMATIVE DEFENSE

The books referenced in the Complaint are either legitimate works authorized by the Plaintiffs or legitimate works outside Plaintiffs rightful control.

TENTH AFFIRMATIVE DEFENSE

Answering Defendants plead waiver and estoppel.

ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants deny that Plaintiffs held valid and enforceable copyrights or trademarks on the subject material or other matter which serves as the basis of the complaint. Books at issue in the complaint are published by parties other than the Plaintiffs and their copyrights are owned accordingly. Plaintiffs place their trademarks on said books for no reason Answering Defendants can discern other than to attempt restraint of trade.

TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants plead competitor's privilege and/or mistake.

THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants deny that Plaintiffs have proper standing to pursue the claims made in the complaint and/or relief sought therein because they do not own all rights to the books at issue.

FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants deny that Plaintiffs protected the copyrights, trademarks or other material which is the subject of this action and that therefore the Plaintiffs are not entitled to seek enforcement of any otherwise valid copyright or trademark.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because of their illegal actions, namely, unfair trade practices.

SIXTEENTH AFFIRMATIVE DEFENSE

The books referenced in the Plaintiffs complaint cleared Customs in all cases and in many cases after being held for several weeks while the United States made determinations of their eligibility for entry.  No shipment has ever been denied entry after the United States made such reviews.

SEVENTEENTH AFFIRMATIVE DEFENSE

Whenever it was the case, buyers were made aware that certain books referenced in the Complaint were foreign editions and of immaterial inferior quality.

EIGHTEENTH AFFIRMATIVE DEFENSE

The books complained of in the complaint were not materially different from books authorized for domestic sale by Plaintiffs.

NINETEENTH AFFIRMATIVE DEFENSE

In the performance of his duties as an employee, Answering Defendant Smyres on behalf of his employer purchased books from sellers authorized by Plaintiffs, and in many cases actually recommended to him by them.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief by the statute of limitations.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs continue to make available Foreign (International) Editions available for sale in the United States.  Additionally, because there is no material difference, Plaintiffs routinely substitute U.S. editions in sales to overseas parties requesting Foreign (International) Editions.

## TWENTY -SECOND AFFIRMATIVE DEFENSE

This case should be dismissed because the complaint fails to put the Answering Defendants on notice as to the acts committed in the jurisdiction of the Southern District of New York.

## TWENTY -THIRD AFFIRMATIVE DEFENSE

Defendant Textbooksrus.com, LLC is and has always been a dormant legal entity which has never conducted business of any sort.  It never committed any of the acts complained of in the Complaint.

## TWENTY -FOURTH AFFIRMATIVE DEFENSE

Defendant Smyres undertook none of the activity mentioned in this suit as an individual. All acts undertaken by him were done as an employee of a Limited Liability Company. Based upon the law applicable to limited liability entities he is shielded from any personal liability.

## COUNTERCLAIM - ACTING IN RESTRAINT OF TRADE

1.      On information and belief, Plaintiffs collectively exercise an effective monopoly over the sale of college textbooks in the United States in that they and their increasingly large collection of formerly independent subsidiaries exercise control over up to ninety percent (90%) of the U.S. college textbook market when measured in dollar sales  They are working in concert, in restraint of trade, and against the rightful interests of the answering Defendant's employer by attempting to monopolize sales of college textbooks.

2.      Plaintiff Pearson Education, Inc. is acting in illegal restraint of trade by refusing to deal. It refuses to sell textbooks to Answering Defendant's employer or to any entities related to Answering Defendants, and in doing so is intentionally attempting to limit price competition.

3.      Plaintiffs Cengage and McGraw Hill, Inc. are acting in restraint of trade by placing Answering Defendants and related entities on a cash only basis for purchases and/or severely limiting credit facilities without justification.  Neither Answering Defendants nor related entities have been deficient on any payments for purchases from Plaintiffs.

4.      All Plaintiffs collectively engage in price discrimination in violation of antitrust laws.  They engage in the practice of selling particular book titles to parties other than the Answering Defendants (and related entities) at lower prices than the prices at which those same titles are simultaneously being offered to Answering Defendants (and related entities).

5.      As a result of Plaintiffs' actions in restraint of trade in violation of antitrust laws, Answering Defendants have been and are being damaged in an amount exceeding $75,000.00.


**WHEREFORE,** Answering Defendants respectfully request this Court to grant judgment in their favor, order all claims of the complaint dismissed with prejudice, award Answering Defendants treble damages, all costs, expenses, disbursements, and fees incurred herein, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

Respectfully submitted,


_____/S/_____
Neil B. Mooney (NM0300)
The Mooney Law Firm, LLC
Counsel for Defendants

1911 Capital Circle N.E.
Tallahassee, FL 32308
Tel.  850-893-0670
Fax. 850-391-4228
Fla. Bar No. 0169463

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of January, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following CM/ECF-participant counsel of record, and I certify that I have mailed a copy of the foregoing by United States Postal Service, properly addressed and postage prepaid, to all non-CM/ECF-participant counsel of record.

Cozen O'Connor
Aaron Georghiades, Esq. (AG8110)

Attorneys for Plaintiffs
Cengage Learning, Inc., Pearson
Education, Inc., John Wiley & Sons,
Inc. and the McGraw-Hill Companies

909 Third Avenue, 17th Floor
New York, New York 10022
Phone: (212) 453-3890
Facsimile: (877) 526-3076
E-mail: ageorghiades@cozen.com

_____/S/_____
Neil B. Mooney (NM0300)
The Mooney Law Firm, LLC
Counsel for Defendants

1911 Capital Circle N.E.
Tallahassee, FL 32308
Tel.  850-893-0670
Fax. 850-391-4228
Fla. Bar No. 0169463

William A. Simon (WS4604)
McGarry & Simon
Counsel for Defendants

317 Madison Ave., Suite 1511
New York, New York 10017
Ph: (212) 867-1238
Fax: (212) 867-3243