# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Cengage Learning, Inc.
f/k/a Thomson Learning, Inc., et. al.

        Plaintiff(s),                CASE NO.: 07 Civ.8540

        -against-

Buckeye Books, et. al.

        Defendant(s).



ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08

### AMENDED CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by December 10, 2007.

3. No additional parties may be joined after January 15, 2008.

4. No pleading may be amended after March 7, 2008.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at

www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please indent any party who is moving to dismiss on qualified immunity grounds.*

6.     All discovery, including expert discovery, must be completed on or before July 1, 2008. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by May 15, 2008. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), well before the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by May 21, 2008; Defendant(s) Expert report(s) by June 1, 2008.

7.     Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8.     This case has been designated to the Hon. United States Magistrate Katz for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9.     A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before September 1, 2008. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10.     No motion for summary judgment may be served after the date the

pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

      11.    The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c)

      12.    This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: February 6, 2008 New York, New York

      Upon consent of the parties:

      [signatures of all counsel]


Aaron Goorghiades
Attorneys for Plaintiffs


NEIL B. MOONEY
Attorney for Defendants

No additional time will be granted

SO ORDERED:

Colleen McMahon

United States District Judge

2 - 7 - 08